# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Catherine Schranz<br>20107 Windbury Court<br>Spring, TX 77379<br><br>    Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>5620 Southwyck Blvd., Suite 206<br>Toledo, OH 43614<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this action within the time frame permitted under the FDCPA.

9. In or around the week of August 12, 2007, Defendant telephoned Plaintiff and left a voice message stating that Defendant had an "affidavit" on Defendant's desk and that Defendant was ready to contact Plaintiff's husband's employer to verify wages.

10. On or around August 15, 2007, Plaintiff telephoned Defendant to return Defendant's call.

11. During this communication, Defendant told Plaintiff that Defendant would send out the "affidavit" to Plaintiff's husband's employer within 24 hours if Plaintiff did not give Defendant a post dated check.

12. During this communication, Defendant threatened to serve Plaintiff's husband with court papers.

13. During this communication, Defendant threatened to garnish Plaintiff's bank account.

14. At the time of the communications referenced above, Defendant had not obtained a judgment against Plaintiff.

15. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

                        RESPECTFULLY SUBMITTED,

                        Macey & Aleman, P.C.

                        By:   /s/ Jeffrey S. Hyslip
                            Jeffrey S. Hyslip
                            Bar # 0079315
                            Attorney for Plaintiff
                            20 W. Kinzie Street, Suite 1300
                            Chicago, IL 60610
                            Telephone: 866-339-1156
                            Email: jsh@legalhelpers.com